**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBIN RENEE HANEY ) | CASE NO. 06-40350 |
| ) | CHAPTER 7 |
| Debtor(s) ) | |
| _____) | |

**MEMORANDUM**

This matter came before the Court for hearing on October 11, 2006, on the United States Trustee's (hereinafter "UST") Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(1) & (3). The Court, having heard the testimony and evidence presented at the hearing, concludes the UST's Motion to Dismiss must be granted. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

**FINDINGS OF FACT**

On June 8, 2006, the debtor commenced this proceeding under Chapter 7. Even though married, the debtor's husband did not join with the debtor in filing this bankruptcy petition. The debtor testifies that she has been married for twenty-five (25) years and that she has two adult children. On Schedule I of her bankruptcy petition, the debtor did not provide the income of her non-filing spouse, even though the standard form clearly directs that non-filing spouse's information must be provided. This information was included in the debtor's Amended Schedule I and J filed a month after the filing of the debtor's original schedules. Schedule I indicates that the debtor receives approximately $366 a month from Social Security Disability. In her Schedule J statement of expenses, the debtor indicates she has monthly bills of approximately $890 dollars. The debtor testified that her husband pays many of her monthly bills, including rent / mortgage payments, electricity, water, home maintenance, and insurance. The debtor also testified that she and her

husband share one checking account and that all monthly bills are paid from this account. At one point in the debtor's testimony, she stated she does not write checks from this checking account, but she later contradicted herself when she admitted writing checks from this checking account. On the Form 22 Statement of Current Monthly Income and Means Test Calculation, the debtor indicated that her husband's monthly income is approximately $6,304.31. This figure conflicts with the debtor's amended Schedule I which indicates the debtor's husband's monthly income is approximately $7,153. Form 22 also states that none of the debtor's husband's income is regularly contributed to the household expenses of the debtor. This obviously conflicts with her sworn testimony at the hearing. The debtor also testified that she alone makes the payments on her vehicle in the amount of $294 dollars a month, which is approximately 80 percent of her monthly income. Moreover, this vehicle was purchased at a time when she knew her sole source of income was limited to her Social Security Disability checks. The debtor's Schedule F shows that, among other debts, the debtor has a credit card debt owed to the Bank of America in the amount of $16,500. Debtor testified her plan was to pay this off by making her minimum monthly payment of $20 to $30. Of this $16,500 amount, approximately $4,200 was incurred in December 2005, on, among other things, Christmas presents. Finally, under the debtor's amended Schedules I and J, the debtor and her husband could contribute approximately $1,604 a month to a Chapter 13 plan of reorganization.

### CONCLUSIONS OF LAW

The UST argues that this case should be dismissed as having been filed in bad faith and constituting an abuse of the provisions of Chapter 7 of Title 11. The debtor counters that the UST concedes that using only the debtor's income she has no ability to repay a significant portion of her debts. Furthermore, there is no obligation for the debtor's spouse to join with the debtor in her

bankruptcy petition.

Section 707(b)(1) of the Bankruptcy Code authorizes a Bankruptcy Court to dismiss a Chapter 7 bankruptcy case if it finds that allowing the case to continue would be an abuse of the provisions of Chapter 7. The Court points out that the standard to be shown for dismissal under the revised 11 U.S.C. § 707(b) has been lowered from substantial abuse to just simple abuse. Furthermore, when determining if a particular case constitutes an abuse, the court is directed to consider whether the debtor filed the bankruptcy petition in bad faith. 11 U.S.C. § 707(b)(3). These changes took place with the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter "BAPCPA"). Indeed, Congress made it abundantly clear with the passage of BAPCPA that it wanted to curb the abuse of the provisions of Chapter 7. BAPCPA became effective on October 17, 2005, and as this bankruptcy case was filed after this date, it is governed by the provision of BAPCPA. The debtor is correct in that this Court cannot "force" the debtor's husband to join with her in her bankruptcy petition. Nevertheless, it can still consider the debtor's husband's income to see if this case constitutes an abuse of the provisions of Chapter 7. In re Wilkinson, 168 B.R. 626 (Bankr. N.D. Ohio 1994); In re Deandria Smith, 157 B.R. 348 (Bankr. N.D. Ohio 1993). Thus, this Court must determine if, considering the totality of the circumstances, the debtor has acted in bad faith in the filing of this Chapter 7 bankruptcy case.

The Court initially notes that it did not consider the testimony of the debtor to be very credible. As illustrated above, there were numerous inconsistencies between the debtor's sworn schedules and her testimony. She further contradicted herself on key points of testimony. To illustrate, at one point in the debtor's testimony she stated she did not write checks on her and her husband's joint checking account. Later, she contradicted this testimony when she stated she wrote checks to pay for groceries. Taken as a whole, the Court concluded the debtor was less than

forthright in her sworn schedules and in her sworn testimony.

There can be no question that the debtor and her husband operate as a single financial unit. They share a single checking account, which they use to pay all the household bills. Each pays for some of the expenses of the other and each benefits from some of the debts of the other. For instance, while the husband may not have made the 2005 Christmas purchases, there is no question he benefitted from the gifts given and received. Despite the intertwined nature of the debtor and her husband's financial relationship, they chose to file a single petition and not include the husband's significant financial resources to the bankruptcy. Spouses may not incur debts which overwhelmingly benefit both spouses and then later have the spouse with the smallest income file for bankruptcy to discharge the debts. As such, this Court cannot help but conclude the debtor has acted in bad faith in filing this as a single Chapter 7 bankruptcy petition. Furthermore, the debtor's conscious disregard of her financial limitations when she incurred the debt for her vehicle and when she made the substantial credit card purchases in the relatively short time before the filing of her bankruptcy petition evidences the debtor's bad faith. For the reasons set forth above, an order will be entered this same date consistent with the findings and conclusions of this Memorandum.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBIN RENEE HANEY | ) | CASE NO. 06-40350 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** that the above-styled case is dismissed.